# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

IN RE:

WILLIAM LARRY CROSS,

               DEBTOR.                             Case No: 3:04-bk-8662-JAF

_____

WILLIAM LARRY CROSS,

               APPELLANT,

vs.                                         Case No. 5:12-cv-526-Oc-32

DELORES CROSS, and DONALD
E. CUMMINGS,

               APPELLEES.

_____

## <u>ORDER</u>

This bankruptcy appeal is about whether a $50,000 obligation in a dissolution of marriage judgment was intended to be "in the nature of support" or to be a property settlement. If the obligation was intended to be a support payment, then Appellant did not discharge the debt in bankruptcy. <u>See</u> 11 U.S.C. § 523(a)(5) (2004).[1] If instead the obligation was intended to be a property settlement, the debt was discharged in bankruptcy.

Federal law, not state law, determines whether an obligation is considered support, but state law can provide guidance in the determination. <u>In re Strickland</u>, 90 F.3d 444, 446 (11th Cir. 1996). The party seeking a finding that the debt is for support and therefore nondischargeable must prove by a preponderance of the evidence that the parties

_____

[1] This statute was changed in 2005, but the changes are not applicable to cases, like this one, commenced before October 17, 2005.

intended the obligation to act as support. Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001). The key factor in determining whether an obligation is support is the parties' intent. Id. at 1266.

On June 18, 2003, Appellant, William Larry Cross ("William"), and Dolores Cross, Appellee[2], participated in a divorce proceeding. (Doc. 1-15). The transcript of that proceeding is included in the record on appeal from the bankruptcy court. (Docs. 1-15 – 1-22). The parties agree that the transcript is the only evidence of the parties' intent. Accordingly, the pertinent facts are those contained in the transcript of the divorce proceeding, and are not in dispute.

Ultimately, in the divorce proceeding, the court made an award of $175 per week of alimony, continuing until one of the parties died or until Dolores remarried. (Doc. 1-22 at 15). The court also ordered William to pay Dolores $50,000 "as a property settlement", payable on June 18th, 2004. (Doc. 1-22 at 15).

## I.    The Bankruptcy Court's Decision

On August 23, 2004, William filed a petition for bankruptcy, without having paid any of the $50,000 owed to Dolores. (Doc. 1-35 at 2). He eventually discharged his debts. (Doc. 1-35 at 2). On July 22, 2011, Dolores, through her attorney, Cummings, recorded the $50,000 divorce court judgment in Florida in an attempt to collect the debt. (Doc. 1-35 at 2).

William filed a complaint in bankruptcy court, seeking damages against Appellees for violation of the bankruptcy court's prior discharge injunction. (Doc. 1-35 at 2). In

---

[2]    Donald E. Cummings is also an Appellee. Throughout this Order, he will be referred to as "Cummings", Dolores Cross will be referred to "Dolores", and the pair jointly will be referred to as "Appellees".

response, Appellees argued that the $50,000 obligation was in the nature of support, and therefore was not discharged when William went through bankruptcy. (Doc. 1-35 at 2). The parties each moved for summary judgment, and did not dispute the facts as contained in the trial transcript of the prior divorce proceeding. (Doc. 1-35 at 2, 4, n.1).

The bankruptcy court decided that the $50,000 debt was in the nature of support and therefore nondischargeable, and thus granted summary judgment for Appellees. (Doc. 1-35 at 8). A lower court's assessment of whether an award constitutes support is a decision of law under § 523(a)(5) and therefore is reviewed de novo. Strickland, 90 F.3d at 446.[3]

## II.    Whether the $50,000 Obligation was Support

That the divorce court referred to the award as a property settlement is not decisive, since the parties need not refer to an award as support for it to be in the nature of support. In re Throgmartin, 462 B.R. 836, 841 (Bankr. M.D. Fla. 2012). This is especially true in this case, where the divorce court referred to the award as both lump sum alimony (support) and as a property settlement during the course of the proceedings. (Doc. 1-22 at 7).

Federal courts are not consistent in listing the factors to be considered in determining whether an obligation in a divorce decree was intended to be "support" within that term's meaning in bankruptcy law. This is unsurprising, since any factors used are guideposts that are helpful only insofar as they aid in the ultimate determination of whether the parties intended for the obligation to be in the nature of support. See Cummings, 244 F.3d at 1266.

---

[3] Appellees wrongfully suggest that the bankruptcy's court decision was a factual conclusion which should be reviewed for clear error. (Doc. 8 at 4-5). The bankruptcy court's decision about the nature of the award was ultimately a legal conclusion.

The bankruptcy court weighed six factors, which have been commonly used in this circuit, and are as follows:

1. Whether the obligation terminates upon death or remarriage

2. Whether the payment was used to balance the parties' disparate incomes

3. The number of payments

4. Whether there were minor children involved who required support

5. The physical health and educational levels of the parties at the time of the divorce proceeding

6. Whether there was a need for support at the time of the divorce proceeding

(Doc. 1-35 at 8); see In re Prater, 231 B.R. 819, 821 (Bankr. M.D. Fla. 1999).

Upon de novo review of the transcript of the divorce proceedings, as well as review of the briefs of the parties, this Court agrees with the bankruptcy court's ultimate conclusion that the $50,000 obligation was intended to be in the nature of support.[4]

Accordingly it is hereby

**ORDERED:**

The bankruptcy court's Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendants' and Counterclaim Plaintiff's Cross-Motion for

---

[4] In so doing, this Court relies heavily on the Eleventh Circuit's analysis of a similar case in Cummings, 244 F.3d at 1265-66.

Summary Judgment (Doc. 1-35) and resulting judgment (Doc. 1-36) are **AFFIRMED**. The

Clerk should close the file.

      **DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 10th day of

March, 2014.

                                          _____

                                          TIMOTHY J. CORRIGAN
                                          United States District Judge

w.
Copies:

Counsel of Record